# Third District Court of Appeal

## State of Florida

Opinion filed April 30, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0683
Lower Tribunal No. 23-17244-CA-01
_____

**Enrique Colado, individually, and Loly M. Lopez, individually,**
Appellants,

vs.

**Laura Colado, etc.,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Daryl E. Trawick, Judge.

Dorta & Ortega, P.A., and Omar Ortega, Rosdaisy Rodriguez, and Krystina M. Dorta, for appellants.

Brodsky Fotiu-Wojtowicz, PLLC, and Benjamin Brodsky and Mariana C. Muci; Bello & Martinez, PLLC, and Joel A. Bello and Ian I. Martinez, for appellee.

Before LOGUE, C.J., and EMAS and SCALES, JJ.

PER CURIAM.

Defendants below appeal the trial court's nonfinal order granting plaintiff, Laura Colado, as personal representative of the Estate of Henry Colado (the Decedent), leave to amend her complaint to allege a claim for punitive damages against defendants Enrique Colado (Decedent's father), Loly Lopez (Decedent's sister), and their entity, Colado Enterprise, Corp., a Florida corporation held by Enrique Colado and Loly Lopez.

We have jurisdiction, see Fla. R. App. P. 9.130 (a)(3)(G), and upon our de novo review, LoanFlight Lending, LLC v. Wood, 388 So. 3d 1027 (Fla. 3d DCA 2024), we find no error in the trial court's determination that plaintiff made "a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." § 768.72(1), Fla. Stat. (2023). See also § 768.72(2)(a)-(b), Fla. Stat. (2023) ("A defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence. As used in this section, the term: (a) 'Intentional misconduct' means that the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage. (b) 'Gross negligence' means that the

2

defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.").

Affirmed.